UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

FILED
2010 AUG 16 A 10: 19

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK

JOHN ANTHONY MURRAY, §
§
          Plaintiff, §
§
vs. §
§ Docket No. 1:10-cv-221
CITY OF RED BANK, §
§ Collier/Carter
HAMILTON COUNTY GOVERNMENT, §
§
FORMER CHIEF OF POLICE § JURY DEMAND
LARRY SNEED, §
In his official capacity as an agent and §
Chief of Police for the City of Red Bank, §
Tennessee, and in his individual capacity, §
§
OFFICER TAMMIE DELASHMITT, §
In her official capacity as an agent and police §
officer for the City of Red Bank, Tennessee, §
and in her individual capacity, §
§
DEPUTY JIM DELASHMITT, §
In his official capacity as an agent and deputy §
sheriff for Hamilton County Government, and §
as an agent for the City of Red Bank, Tennessee, §
and in his individual capacity, §
§
          Defendants. §

## COMPLAINT

**Introduction:**

    1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, and the commons laws of the State of Tennessee by the defendants.

2. Plaintiff avers that the individually named agents of the City of Red Bank, Tennessee ("City") and Hamilton County Government ("County") deprived Plaintiff of his Fourth Amendment rights without the due process of law.

3. Plaintiff avers that the individually named agents violated the Plaintiff's rights to Due Process of law and Equal Protection of Law.

4. In addition, Plaintiff avers that the individually named agents subjected Plaintiff to defamation, humiliation, mental anguish, loss of wages, abuse of the legal processes of the State of Tennessee, and maliciously prosecuted Plaintiff in order to justify or otherwise hide an unreasonable or questionable seizure of Plaintiff.

5. In addition, Plaintiff avers Defendant TAMMIE DELASHMITT ("Officer T. Delashmitt"") committed an assault and battery upon Plaintiff's person.

6. Plaintiff also maintains that the individually named agents committed these violations and torts as a result of policies, customs, and/or procedures of the City and the County.

**Jurisdiction and Venue:**

7. This is an action to redress the deprivation of rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the United States. Thus, this Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

8. Plaintiff invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 and *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) over the Plaintiff's cause of action under the constitutional, common law, and statutory laws of the State of Tennessee in that the said laws form the same case or controversy.

9. Venue is proper in this Court, Chattanooga Division, pursuant to 28 U.S.C. § 1391(B). All acts complained of occurred within Hamilton County, a political sub-division of the State of Tennessee, and physically located within the fourteen county district of this Court.

    a. Plaintiff is a resident of Hamilton County, Tennessee.

    b. To the best of Plaintiff's knowledge and belief, the individually named defendants are residents of Hamilton County, Tennessee.

    c. The City is a political sub-division of the State of Tennessee located in Hamilton County, Tennessee.

    d. The County is a political sub-division of the State of Tennessee.

**The Parties:**

10. At all times relevant to this cause of action, Plaintiff was a citizen of the United States entitled to the protections of the United States and Tennessee Constitutions.

**[Defendant City of Red Bank]:**

11. At all times relevant to this cause of action, the City was a political sub-divisions of the State of Tennessee organized and existing under the laws of the State of Tennessee.

12. The City finances its police department and is required to provide rules and regulations for the operation of the department pursuant to TENN. CODE ANN. § 6-54-123. In addition, the City is required to:

    a. Oversee and to ensure the training and certification of its law enforcement employees in all aspects of such employees so that such employees do not violate the civil rights of members of the public.

b. To ensure the safe confinement and treatment of prisoners placed within the custody of its individual officers and agents, and not be treated with undue rigor.

c. To create rules and regulations to properly identify officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the City on notice of officers who are a threat to citizens within their jurisdictions.

d. To create rules and regulations to properly investigate, and to actually investigate officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the City on notice of officers who are a threat to citizens within their jurisdictions.

e. To correct and prevent wrongful prosecutions of citizens based upon unlawful actions of its agents and not to alter or change official police and City records to cover up an unlawful or questionable action of its agents.

f. To not retain police officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the City on notice of officers who are a threat to citizens within their jurisdictions.

13. At all times relevant to this cause of action, the City is responsible for the creation and maintenance of the department, which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee.

14. At all times relevant to this cause of action, the individually named agents were employed by the City and acted under the color of law, statute, ordinance, regulation, custom, or usage. In addition:

a. At all times relevant to this cause of action Defendant Larry Sneed ("Sneed"), acted in his official capacity as the personal representative of the City as the Chief of Police responsible for the administrative and operational oversight of the department. Sneed acted in his official and individual capacities in the misconduct herein described, to wit: Refusing to rectify the wrongful arrest and prosecution of Plaintiff after notice by OFFICER BRADLEY HANON, and taking direct steps in the cover-up or alterations of official police and otherwise City records to justify the actions of Officer T. Delashmitt. Plaintiff sues this defendant in his individual and official capacities.

b. At all times relevant to this cause of action Defendant T. Delashmitt, acted in her in their official capacity as agent, servant, and employee, as defined under TENN. CODE ANN. § 29-20-102 for the City. Plaintiff sues this defendant in her individual and official capacities.

c. At all times relevant to this cause of action Defendant Jim Delashmitt ("Deputy J. Delashmitt"), acted in his official and individual capacities as the personal representative of the Hamilton County Government ("County") and as an agent for the City by his role in the unlawful seizure of Plaintiff and the subsequent cover-up. Deputy J. Delashmitt acted in his official and individual capacities in the misconduct herein described. Plaintiff sues this defendant in his individual and official capacities.

**[Defendant Hamilton County Government]:**

15. At all times relevant to this cause of action, the County was a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

16. The County finances its sheriff's department and is required to provide rules and regulations for the operation of the department pursuant to TENN. CODE ANN. § 5-101, *et seq.*, In addition, the County is required to:

    a. Oversee and to ensure the training and certification of its law enforcement employees (hereinafter the terms "law enforcement employees," "officers," and "deputies" are used interchangeably in this section on the County) in all aspects of such employees so that such employees do not violate the civil rights of members of the public.

    b. To ensure the safe confinement and treatment of prisoners placed within the custody of its individual officers and agents, and such prisoners not be treated with undue rigor.

    c. To create rules and regulations to properly identify officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the County on notice of officers who are a threat to citizens within their jurisdictions.

    d. To create rules and regulations to properly investigate, and to actually investigate officers who have a recurring pattern of misconduct or conduct that would place its supervisory personnel on notice and the County on notice of officers who are a threat to citizens within their jurisdictions.

~ 6 ~

Case 1:10-cv-00221-CLC-WBC   Document 1   Filed 08/16/10   Page 6 of 14   PageID #: 6

e. To correct and prevent wrongful prosecutions of citizens based upon unlawful or questionable actions of its agents and not participate in any action of another law enforcement agency to cover up unlawful actions of such law enforcement agencies and its agents.

17. At all times relevant to this cause of action, the individually named agent Deputy J. Delashmitt was employed by the County and acted under the color of law, statute, ordinance, regulation, custom, or usage. In addition:

a. At all times relevant to this cause of action Defendant Deputy J. Delashmitt, acted in his official capacity as agent, servant, and employee, as defined under TENN. CODE ANN. § 29-20-102 for the County, and acted in his official and individual capacities as the personal representative of the Hamilton County Government ("County") and as an agent for the City by his role in the unlawful seizure of Plaintiff and the subsequent cover-up. Deputy J. Delashmitt acted in his official and individual capacities in the misconduct herein described. Plaintiff sues this defendant in his individual and official capacities.

**Factual Basis of Complaint:**

18. On April 3, 2010, Officer T. Delashmitt conducted an illegal traffic stop of Plaintiff while in her marked City police car, and outside of the jurisdiction of the City.

a. No facts arose from within the corporate limits of the City to support or justify any claims for Officer T. Delashmitt's actions outside of her jurisdictional authority to exercise state power to seize Plaintiff.

b.  Although not defined by any reported appellate court decisions, Plaintiff avers Officer T. Delashmitt did not have cause as a "private citizen" to seize Plaintiff for a violation of a public offense.

19. Officer T. Delashmitt called her husband and defendant Deputy J. Delashmitt on her cell phone.

20. Officer T. Delashmitt requested husband and co-defendant Deputy J. Delashmitt to "assist" in the traffic stop.

21. Deputy J. Delashmitt conducted a DUI investigation of Plaintiff, seized Plaintiff and placed Plaintiff into his Hamilton County Sheriff's Department patrol vehicle.

22. Deputy J. Delashmitt's supervisor, SGT. BRIAN McDOWELL ("McDowell") notified Deputy J. Delashmitt that Deputy J. Delashmitt could not arrest Plaintiff or otherwise to release Plaintiff, and Deputy J. Delashmitt released Plaintiff.

23. Officer T. Delashmitt again seized Plaintiff and transported Plaintiff to the Red Bank police station.

24. Officer T. Delashmitt made a police report wherein she claimed she stopped Plaintiff out of jurisdiction and conducted the DUI investigation and arrested Plaintiff.

25. Red Bank Officers REBECCA CHAUNCY ("Chauncy") and IKE COOPER ("Cooper") saw what Officer T. Delashmitt was doing and told her to stop.

26. City of Red Bank police cannot book an arrestee into the Hamilton County jail without a magistrate's endorsement on an arrest warrant.

27. Chauncy called the duty magistrate at the jail, BOB DAVIS ("Davis"), who declined to sign an arrest warrant based upon the facts.

28. Chauncy contacted City Judge JOHNNY HOUSTON ("Houston") for advice on how to proceed with the arrest of Plaintiff in order to get Plaintiff booked into the jail.

29. Houston advised the officers to make the arrest a "citizen's arrest" based upon the facts presented to him.

30. Officer T. Delashmitt held Plaintiff at the Red Bank City holding cell for nearly eight hours before booking him into the jail at about 10:00 p.m. while trying to determine how to justify her seizure of the Plaintiff.

   a. At no time did any member of the City or the County offer or allow Plaintiff any food, water, toilet breaks, or telephone calls while they held him in the City holding cell and trying to figure out how to justify Plaintiff's arrest in order to lodge Plaintiff in the jail.

31. Delashmitt created official police documents to change the report from an arrest to incident report titles "assist other agency."

32. The first report, as stated in ¶ 24, was deleted from the police report data base.

33. Deputy J. Delashmitt made a sheriff's department report to support Officer T. Delashmitt's conduct in the illegal arrest at about the same time Plaintiff was booked at the jail. This report was not at the time of the arrest. Rather, at the time Officer T. Delashmitt took Plaintiff to the jail. This was the only way Davis would agree to allow Plaintiff to be lodged at the jail.

~ 9 ~

34. Plaintiff was held for 10 days at the jail until he was convicted in the Hamilton County Court of General Sessions for DUI under docket number 1393630, not in Red Bank City Court.

35. At no time did any of the defendants make known to Plaintiff that Officer T. Delashmitt made an arrest outside of here jurisdiction without lawful justification under Tennessee law, and that she and others altered, deleted, or otherwise changed official police records to justify the arrest and prosecution.

36. OFFICER BRADLEY HANON ("Hanon") of the Red Bank Police Department complained to Sneed about the actions of that Officer T. Delashmitt and the manner in which police reports were deleted, altered, and written to justify the arrest of Plaintiff.

37. Sneed did not act on the complaint by Hanon until Hanon tendered his resignation to Sneed.

38. Sneed did not take any action to discipline Officer T. Delashmitt beyond a verbal reprimand; failed to correct the unlawful arrest and conviction of Plaintiff; failed to address the tampering of police records; and failed to take measures that such conduct did not reoccur.

**1. Violations of Civil Rights Under Color of Law 42 U.S.C. §1983:**

39. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Plaintiff reasserts and incorporates ¶¶ 1 through 38.

40. The agents acted under color of law, and at the time of such occurrence, acting by virtue of or under color of the office, and their negligence and intentional acts

deprived the Plaintiff his rights secured to him under the United States and Tennessee Constitutions as follows:

    a. Procedural Due Process;

    b. Equal Protection of law;

    c. Freedom of unreasonable seizures.

41. Defendants subjected Plaintiff to THREE unreasonable seizures when [1] Officer T. Delashmitt initially seized Plaintiff on the roadway, [2] Officer T. Delashmitt seized Plaintiff after Deputy J. Delashmitt released Plaintiff after a directive from his supervisor to release Plaintiff, [3] Held Plaintiff for over six hours in the confines of City holding cell under arduous conditions and after a Magistrate refused to issue a warrant.

42. Defendants did not have authority to seize Plaintiff as averred in this Complaint for, [1] Deputy J. Delashmitt did not see Plaintiff commit any violations of the law in his presence, and [2] Officer T. Delashmitt did not take Plaintiff to another law enforcement officer or a magistrate until some 6 hours after the initial unlawful seizure, but took Plaintiff into her jurisdiction and tried to then justify the seizures.

    a. Officer T. Delashmitt did not take Plaintiff to a magistrate or turn Plaintiff over to a County officer with unnecessary delay.

    b. Such actions by the defendants deprived Plaintiff of Due Process and Equal Protection of Law.

43. Defendant Sneed's actions and omissions in his direct involvement constituted ratification and approval of the actions of his co-defendants.

44. City has a policy practice, or custom to improperly investigate employee complaints and reports of police misconduct. This failure constitutes a policy, practice, or

custom of deliberate indifference. The direct involvement of Sneed reveals this as a policy practice, or custom of the City as this defendant was one of the highest level of policy-makers for the City.

45. County has a policy practice, or custom to allow its agents to act in concert with other law enforcement officers and agencies who violate the civil rights of citizens in order to justify the unlawful acts and omissions of such officers and agencies. This failure constitutes a policy, practice, or custom of deliberate indifference, and led directly to the conviction of Plaintiff in a matter that was based on an illegal seizure.

46. Consequently, the actions and omissions stated in this complaint created an environment that allowed the individual defendant agents to believe that their abusive behavior would not be properly monitored, investigated, nor punished, and that any employee who reported such misconduct would suffer retaliation, both insidious and overt, all of which also constitutes deliberate indifference to the welfare of Plaintiff and the public at large.

47. Plaintiff avers that such actions and omissions on the part of all the defendants constitutes a conspiracy violation of this law and were done to deprive the Plaintiff of the following rights established under the United States Constitution:

    a. The right not to be deprived of life, liberty, or property without Due Process as secured to him by the Fourteenth Amendment;

    b. Equal Protection of Law;

    c. Freedom from unreasonable seizures.

48. The actions of the individual defendants, the City, and the County were done with actual malice toward the Plaintiff and with willful and wanton indifference to

and with deliberate disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. § 1988.

**2. State Law Claims:**

49. The acts and omissions of the defendants as stated in this Complaint constituted [1] Abuse of Legal Process, [2] Fraud, [3] Civil Conspiracy to commit said violations, [4] Assault, [5] Battery, [6] Negligence, [7] False Arrest.

50. Plaintiff sues all individual defendants Sneed, Officer T. Delashmitt and Deputy J. Delashmitt in their individual and official capacities in these state claims and the City and County for Assault, Battery, and Negligent Supervision.

51. Plaintiff sues Officer T. Delashmitt for assault and battery, false arrest, and abuse of legal process for her unauthorized and unlawful physical contact with Plaintiff, unlawful arrest of Plaintiff, and falsification of records to justify her actions.

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following relief:

A. That the Defendants be served a copy of this Complaint and be required to answer as required by the Federal Rules of Civil Procedure;

B. That the Court award compensatory damages, and damages for mental anguish in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00);

C. That the Court award attorney's fees under 42 U.S.C. § 1988;

D. That the Court award costs, and discretionary costs;

E. Any other relief the Court may deem fit and proper; and

G. Allow a jury trial on all issues triable by jury.

Respectfully submitted,

By:_____
**ROBIN RUBEN FLORES**
TENN. BPR #20751
GA. STATE BAR #200745
Counsel for Plaintiff
4110-A Brainerd Road
Chattanooga, TN 37411
423 / 267-1575  fax 267-2703
robinflores@comcast.net

~ 14 ~

Case 1:10-cv-00221-CLC-WBC   Document 1   Filed 08/16/10   Page 14 of 14   PageID #: 14